1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEPHEN A. MAO,

                Plaintiff(s),

    v.

YUAN YAO,

                Defendant(s).

Case No. 2:20-CV-784 JCM (BNW)

ORDER

      Presently before the court is plaintiff Stephen Mao's motion for default judgment. (ECF No. 7).

      Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

      Plaintiff filed the instant action against defendant Yuan Yao on April 30, 2020, as a result of defendants' nonpayment of a promissory note. (ECF No. 1). Defendant was served on May 7, 2020. (ECF No. 4). Defendant did not appear in this action, and the clerk entered default. (ECF No. 6).

      Plaintiff now moves for default judgment in the principal amount of $250,000.00, plus accrued interest in the amount of $601,955.05 (as of June 24, 2020, accruing at a rate of 18%),

James C. Mahan
U.S. District Judge

1   plus a late charge in the amount of $30,000.00, plus costs in the amount of $650.00, as set forth

2   in the bill of costs  (ECF No. 7).  Plaintiff requests an award of post-judgment interest pursuant

3   to 28 U.S.C. § 1961 until the judgment is paid in full.  (*Id.*).

4          The court has reviewed the factors articulated by the Ninth Circuit in *Eitel v. McCool*,

5   782 F.2d 1470, 1471 (9th Cir. 1986), and finds that default judgment is appropriate.  The court

6   finds that plaintiff's complaint sufficiently states its causes of action, that plaintiff's substantive

7   claims are meritorious, and that defendants' failure to respond does not appear to be the result of

8   excusable neglect.  Denying default judgment would prejudice plaintiff, and the court grants

9   plaintiff's motion accordingly.  The court now turns to damages.

10          "The general rule of law is that upon default the factual allegations of the complaint,

11  except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin.*

12  *Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*citing Pope v. United States*, 323 U.S. 1, 12 (1944)).

13  Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is

14  a liquidated sum or capable of mathematical calculation."  *Davis v. Fendler*, 650 F.2d 1154,

15  1161 (9th Cir. 1981).

16          Plaintiff has provided the court with a calculation of its damages and evidence to support

17  that calculation.  (ECF No. 7).  The court will award damages in full: $250,000.00, plus accrued

18  interest in the amount of $601,955.05 (as of June 24, 2020), plus a late charge in the amount of

19  $30,000.00, plus costs in the amount of $650.00, as set forth in the bill of costs.  (*Id.*).  Post-

20  judgment interest shall accrue on the judgment from the date of entry until paid in full pursuant

21  to 28 U.S.C. § 1961.

22          Accordingly,

23          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for

24  default judgment (ECF No. 7) be, and the same hereby is, GRANTED.

25          IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff Stephen A.

26  Mao and against Defendant Yuan Yao in the amount of $882,605.05.

27          IT IS FURTHER ORDERED that post-judgment interest shall accrue on the Judgment

28  from the date of entry until paid in full pursuant to 28 U.S.C. § 1961.

**James C. Mahan**
**U.S. District Judge**

1  The clerk is instructed to enter judgment and close the case accordingly.

2  DATED July 13, 2020.

3

                _____

4            UNITED STATES DISTRICT JUDGE